# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
DENISE KELLY                    : CIVIL ACTION
                                :
     vs.                        :
                                : NO. 02-CV-2955
SAP AMERICA, INC. and           :
CIGNA HEALTHCARE                :
```

## ORDER

AND NOW, this            day of January, 2003, upon consideration of Defendants' Motion to Dismiss All Counts (Counts A-G) of Plaintiff's Second Amended Complaint (Document No. 6), and Plaintiff's Response thereto, it is hereby ORDERED that the Motion is GRANTED IN PART and DENIED IN PART and Counts B, C, E, F, and G are DISMISSED WITH PREJUDICE.[1]

---

[1] It has long been the rule that in considering motions to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the district courts must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)(internal quotations omitted). A motion to dismiss may only be granted where the allegations fail to state any claim upon which relief may be granted. See, Morse v. Lower Merion School District, 132 F.3d 902, 906 (3d Cir. 1997). Dismissal is warranted "if it is certain that no relief can be granted under any set of facts which could be proved." Klein v. General Nutrition Companies, Inc., 186 F.3d 338, 342 (3d Cir. 1999)(internal quotations omitted).

In this case, Plaintiff's Second Amended Complaint endeavors to state claims under the Family Medical Leave Act, 29 U.S.C. §2601, *et. seq.* ("FMLA"), the Americans with Disabilities Act, 42 U.S.C. §12101, *et. seq.* ("ADA"), and for violations of Pennsylvania's Whistleblower Law, 43 P.S. 1421, *et. seq.*, wrongful discharge, defamation and gross negligence. Given that the Whistleblower Law applies to protect only employees of a public body and that neither defendant here meets this definition, Count C must be dismissed. Likewise, we find that the plaintiff failed to file her claims for defamation and violation of the ADA within the one-year period prescribed for defamation claims and 90 days for filing of ADA claims. See Generally: Scary v. Philadelphia Gas Works, 202 F.R.D. 148, 150-151 (E.D.Pa. 2001); Pino v. Wyeth-Ayerst, Civ. A. Nos. 95-3180, 95-4008, 1995 WL 708551 (E.D.Pa. Nov. 29, 1995);42 Pa.C.S. 5523(1); 42 U.S.C. §12117(a); 42 U.S.C. §2000e-5. Accordingly, we hereby dismiss Counts B and G with prejudice. To make out a

IT IS FURTHER ORDERED that Plaintiff's Third Amended

---

cause of action for negligence under Pennsylvania law, a complaint must allege: (1) a duty owed to the plaintiff; (2) a breach of that duty by the defendant; (3) a causal connection between the defendants' breach and the resulting injury; and (4) injury suffered by the plaintiffs. Estate of Zimmerman v. SEPTA, 168 F.3d. 680, 684 (3d Cir. 1999); Martin v. Evans, 551 Pa. 496, 711 A.2d 458 (1998).  Plaintiff here does not allege any of these elements in Count F and therefore it, too, is dismissed.

     Finally, Pennsylvania law holds that as a general rule, "employees are at-will, absent a contract, and may be terminated at any time, for any reason or for no reason." Pipkin v. Pennsylvania State Police, 548 Pa. 1, 693 A.2d 190 (1997).  See Also: Shick v. Shirey, 552 Pa. 590, 595, 716 A.2d 1231, 1233 (1998) and Geary v. U.S. Steel Corporation, 456 Pa. 171, 175, 319 A.2d 174, 176 (1974).  For the presumption of at-will employment to be overcome, a party must establish either an express contract between the parties, or an implied-in-fact contract plus additional consideration passing from employee to employer, or an applicable recognized public policy exception.  Kelly v. Retirement Pension Plan, 209 F.Supp.2d 462, 480 (E.D.Pa. 2002); Rapagnani v. Judas Co., 736 A.2d 666, 669 (Pa. Super. 1999); Raines v. Haverford College, 849 F.Supp. 1009, 1012 (E.D.Pa. 1994).  An employment handbook is enforceable against an employer if a reasonable person in the employee's position would interpret its provisions as evidencing the employer's intent to supplant the at-will rule and be bound legally by its representations in the handbook. Caucci v. Prison Health Services, 153 F.Supp. 2d 605, 611 (E.D.Pa. 2001); Bauer v. Pottsville Area Emergency Medical Services, 758 A.2d 1265, 1269 (Pa. Super. 2000).  The handbook must contain a clear indication that the employer intended to overcome the at-will presumption. Caucci, at 611, citing Luteran v. Loral Fairchild Corp., 455 Pa. Super. 364, 688 A.2d 211, 214-15 (Pa. Super. Ct. 1997).  The court may not presume that the employer intended to be bound legally by distributing the handbook nor that the employee believed that the handbook was a legally binding instrument. Id. Generally, explicit disclaimers of contract formation in an employee handbook preclude a breach of contract claim. Id., citing Landmesser v. United Airlines, Inc., 102 F. Supp. 2d 273, 280 (E.D. Pa. 2000).  It is also clear that Pennsylvania law does not recognize a cause of action for breach of the implied duty of good faith and fair dealing where the underlying claim is for termination of an at-will employment relationship. Herbst v. General Accident Insurance Co., Civ. A. No. 97-8085, 1999 WL 820194 at *10 (E.D.Pa. Sept. 30, 1999); Donohue v. Federal Express, 753 A.2d 238, 243 (Pa.Super. 2000).

     In this case, the SAP employment handbook specifically states that it is not intended to constitute an employment contract or to supplant the presumption of at-will employment.  (See Plaintiff's Exhibit "F"; Defendant's Exhibit "E").  Based upon the preceding authority, we therefore find that Plaintiff has failed to state a claim for wrongful discharge under Pennsylvania law and Counts D and E of her complaint are also dismissed.

     We do find, however, that Plaintiff has adequately pled a cause of action under the FMLA.  This Act requires employers to provide employees up to twelve weeks of medical leave during any twelve month period and to restore the employee to his or her former position or to an equivalent position upon their return from leave.  See: 29 U.S.C. §2612(a).  Given that Ms. Kelly has sufficiently alleged that SAP refused to return her to her position or an equivalent one and instead terminated her while she was out on FMLA leave, we shall deny the motion to dismiss with respect to Count A of the complaint, albeit with leave to the defendant to revisit this issue via a motion for summary judgment.

Complaint (Document No. 10) is STRICKEN.[2]

                                             BY THE COURT:

                                             J. CURTIS JOYNER,            J.

---

[2] Fed.R.Civ.P. 15(a) provides that a party may amend her pleading only once as a matter of course before a responsive pleading is filed; otherwise leave of court must first be obtained. Since Ms. Kelly has already amended her pleading and did not first obtain leave of court before filing her third amended complaint, it is hereby stricken.