## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DENISE KELLY,**

       **Plaintiff,**

    v.

**SAP AMERICA, INC.,**

       **Defendant.**

Civil Action No. 02-CV-2955

---

## DEFENDANT SAP AMERICA, INC.'S
## PROPOSED JURY INSTRUCTIONS

---

James N. Boudreau (Id. No. 77891)
Tamsin J. Newman (Id. No. 81001)
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103

Attorneys for Defendant SAP America, Inc.



## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1.

Now that you have heard all of the evidence and the arguments of counsel, it becomes my duty to give you instructions concerning the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Nor should you be concerned with the wisdom of any rule of law stated by me.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2.

### Objections, Arguments, and Motions

At times during the trial, objections were made to questions or to the introduction of evidence, or motions concerning applicable law may have been made. Arguments in connection with such objections or motions were sometimes made out of the presence of the jury. All rulings upon such objections or motions were based solely upon the law as I interpreted and applied it. In connection with these rulings, I may have instructed you to disregard any information which you may have heard regarding the issue in question. In reaching a decision in this matter, you must not consider any testimony, or other evidence which I instructed you to disregard, nor can you make any inferences based on any evidence I have told you to disregard.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3.

In your deliberations, you must not consider the fact that Ms. Kelly is an individual while SAP America, Inc. ("SAP America") is a corporation. Nor should you consider the fact that Ms. Kelly is representing herself in this case. A corporation is entitled to the same fair trial as a private individual. It is important to bear in mind that a corporation can only act through human hands and the decisions people make. All persons, including corporations, stand equal before the law and are to be dealt with as equals in a court of justice. You must weigh and consider this case without regard to sympathy, prejudice, or passion against any party to the action. In reaching your verdict, you must not consider anything other than the evidence which has been presented to you in this action. Both the parties in this case and the public have the right to expect that you will carefully and impartially consider all the evidence in this case, follow the law as I state it for you, and then reach a just verdict regardless of the consequences.

## **DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4.**

I also remind you that simply because a defendant is sued does not mean that the defendant is liable. Anyone can file a lawsuit. The fact that Ms. Kelly has filed this lawsuit does not mean that SAP America has done anything that the law prohibits. That is for you to decide on the basis of the evidence.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5.

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.[1]

---

[1]    Devitt, Blackmar, Wolff & O'Malley, Federal Jury Practice and Instructions § 73.11 (4th ed. 1992).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6.

There is no magic formula by which one may determine how to resolve conflicting testimony. In your everyday affairs you determine for yourselves the reliability or unreliability of statements made to you by others and which statements you will believe and not believe. The same tests that you use in your everyday dealings are the tests which you should apply in your deliberations. The interest or lack of interest of any witness in the outcome of this case—that is, the extent to which he or she stands to gain or lose anything as a result of the decision in this case—should be considered by you in determining what weight, if any, you will assign to that witness's testimony. For example, Ms. Kelly has testified before you. The fact that she is the plaintiff, and therefore has an interest in the outcome of this case, is a matter for you to consider, together with your observation of her as a witness, in determining her credibility, the truthfulness of her testimony, and the weight, if any, you will give her testimony. Similarly, current employees of SAP America have testified. The testimony of those witnesses also should be evaluated in relation to the interest, if any, they may have in the outcome of this case.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7.[2]

The rules of evidence ordinarily do not permit a witness to testify as to opinions or conclusions. An exception to this rule is made for those whom we call expert witnesses. A witness who, by education and experience, has become expert in some art, science, profession or calling, may state an opinion as to relevant and material matters in which he professes to be an expert, and he may also state reasons for his opinion.

The value of the testimony of an expert witness depends on the learning and skill of the expert and varies with the circumstances of the case. You should consider each expert opinion received and give it such weight as you think it deserves. You should consider the expert's means of knowledge and the reasons he assigned for any opinions he gave. You should accept his testimony if you find his qualifications sufficient and his reasons satisfactory. However, if an expert's opinion is based on assumptions or factual conclusions which you consider to be unwarranted, you may disregard all or any portion of the expert's opinion. The point is that the testimony of an expert is to be considered like any other testimony; it is to be tried by the same tests and is to receive just as much weight and credit as you may deem it entitled to receive viewed in connection with all of the evidence in the case.

---

[2]    **[Defendant requests that the following instruction be given only if the Court allows expert testimony in this case.]**

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8.

You have been instructed that Ms. Kelly in this matter carries the burden of proving her case by a "preponderance of the evidence." A preponderance of the evidence means such evidence that, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a "preponderance of the evidence" means to prove that the claim is more likely so than not so. If you find that the weight of the evidence is evenly balanced between Ms. Kelly and SAP America, then you must find in favor of SAP America.

In determining whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them. You should decide what evidence is truthful and factually correct, using your logic and intelligence, rather than bias or sympathy.



## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9.

### Burden of Proof

One of the aspects of the case with which you must deal is the burden of proof. The burden of proof refers to the obligation to establish the essential facts that will be necessary if Ms. Kelly is to recover from SAP America. In your deliberations, it is important always to bear in mind that Ms. Kelly carries the ultimate burden of proof at all times. This means that unless Ms. Kelly can demonstrate by a preponderance of the evidence that SAP America violated the law, then your verdict must be in favor of SAP America.[3]

---

[3]    Reeves v. Sanderson Plumbing Prods., Inc., 120 S.Ct. 2097 (2000) (burden of proof remains with plaintiff at all times in employment discrimination action); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Ezold v. Wolf, Block, Schorr & Solis-Cohen, 983 F.2d 509 (3d Cir. 1992), cert. denied, 510 U.S. 826 (1993); Baltuskonis v. US Airways, Inc., 6- F. Supp.2d 445, 448 (E.D.Pa. 1999) (McDonnell-Douglas analysis applies to FMLA claims).



## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10.

### Summary of Plaintiff's Claims Against SAP America

Ms. Kelly has made two claims against SAP America under the Family and Medical Leave Act or FMLA. First, Ms. Kelly claims that SAP America failed to restore her to her position (or an equivalent position) upon returning from medical leave. Second, Ms. Kelly claims that SAP America discriminated or retaliated against her for taking FMLA leave. It is your duty to decide whether either of these claims has merit, and if so, what money damages, if any, should be awarded. You are not to assume that Ms. Kelly is entitled to recover anything from SAP America merely because I am instructing you as to the legal principles applicable to her claims or as to the way in which damages are measured.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 11.

### Family and Medical Leave Act – Job Restoration

Ms. Kelly claims that SAP America violated the Family and Medical Leave Act ("FMLA") by failing to restore her to her position (or an equivalent position) following her FMLA leave.

The FMLA provides eligible employees up to 12 weeks of unpaid leave in a 12 month period.[4/]  The FMLA, however, does not limit an employer's ability to discipline or terminate an employee for misconduct while on FMLA leave.  Therefore, an employee who takes FMLA leave is not immune from discipline or termination just because he or she has taken FMLA leave.  Consequently, an employee who is terminated during the course of taking FMLA leave is not entitled to job restoration.[5]

In this case, if you conclude that SAP America terminated Ms. Kelly for sending an e-mail to SAP America's CEO during her FMLA leave, then she was not entitled to job restoration and you must enter a verdict in SAP America's favor on that portion of her FMLA claim.  By contrast, if you find that Ms. Kelly is entitled to job restoration, then you may enter a verdict in Ms. Kelly's favor on that portion of her FMLA claim.

---

[4]    29 U.S.C. § 2612(a)(1)(D).

[5]    29 U.S.C. § 2614(a)(3); 29 C.F.R. § 825.216(a)(1); see also Holmes v. Pizza Hut of America, Inc., Civ. A. No. 87-4967, 1998 WL 564433 (E.D. Pa. Aug. 31, 1998).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 12.

### Job Restoration – Ability to Perform Essential Functions of Job

Under the FMLA, an employee is not entitled to job restoration if he or she is unable to perform the essential functions of the job upon from the 12-week period of FMLA leave.[6]  If you conclude that Ms. Kelly was not capable of performing the essential functions of her job at the end of the first 12 weeks of leave (i.e., by May 18, 2001), then she was not entitled to job restoration and you must render a verdict in SAP America's favor on that portion of her FMLA claim.

---

[6]    Rinehimer v. Cemcolift, Inc., 292 F.3d 375, 384 (3d Cir. 2002) (citing 29 C.F.R. § 825.214(b)) ("To succeed on his FMLA claim, Rinehimer had to establish not only that he was not returned to an equivalent position but also that he was able to perform the essential functions of that position.").



## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 13.

### FMLA – Discrimination or Retaliation

Ms. Kelly also claims that SAP America discriminated or retaliated against her for taking FMLA leave when it terminated her on March 23, 2001. The FMLA makes it unlawful for any employer to terminate an employee because that employee had taken FMLA leave.[7]

To succeed on this claim, Ms. Kelly must prove that "the real reason" she was terminated was because she had taken FMLA leave.[8] To establish that "the real reason" was an impermissible factor, Ms. Kelly must prove that the fact that she took FMLA leave actually played a role in the decision to terminate her employment, and that it had a "determinative effect" on that decision.[9] In other words, unless you find that the real reason that SAP America terminated Ms. Kelly's employment was terminated was because she had taken FMLA leave, you must render a verdict in favor of SAP America.[10]

---

[7] 29 U.S.C § 2615(a)(1).

[8] See Reeves v. Sanderson Plumbing Products, Inc., 120 S.Ct. 2097, 2016 (2000); St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 517 (1993); Baltuskonis v. U.S. Airways, Inc., 60 F.Supp.2d 445, 448 (E.D. Pa. 1999).

[9] See Miller v. CIGNA Corp., 47 F.3d 586, 597 (3d Cir. 1995).

[10] St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502 (1993); Fuentes v. Perskie, 32 F.3d 759 (3d Cir. 1994).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 14.

### Pretext

In determining whether Ms. Kelly has met her burden of proof with respect to her FMLA retaliation claim, you are to take into consideration the reasons given by SAP America for terminating her.  You are instructed that those reasons cannot be considered a pretext for retaliation as long as the decisionmakers at SAP America had an honest belief that the facts upon which they based their decisions were true.  Under the law, SAP America need not prove that the reasons for its decision were good or justifiable reasons, or that they are reasons with which you would agree.[11] Rather, SAP America is required to do nothing more in this trial than state legitimate, non-discriminatory reasons for its decision to terminate Ms. Kelly.[12]

In this case, witnesses for SAP America testified that the reason for terminating Ms. Kelly's employment was the fact that she had sent an e-mail to Wolfgang Kemna, the CEO of SAP America, on March 20, 2001.  To return a verdict for Ms. Kelly, therefore, you must find that there are "such weaknesses, implausibilities, inconsistencies, incoherencies or contradictions"[13] in SAP America's proffered legitimate reason for its actions that this reason is "unworthy of credence,"[14] and that the real motivation behind SAP America's decision was an impermissible factor.[15]  Even if you find that SAP America's reasons for terminating Ms. Kelly

---

[11]    Lenoir v. Roll Coater, Inc., 13 F.3d 1130 (7th Cir. 1994).
[12]    Siegel v. Alpha Wire Corp., 894 F.2d 50, 53 (3d Cir.), cert. denied, 496 U.S. 906 (1990).
[13]    Fuentes v. Perskie, 32 F.3d 759, 765 (3d Cir. 1994).
[14]    Ezold, supra, 983 F.2d at 531.
[15]    St. Mary's, supra, 509 U.S. 502, 515-17.

are subject to doubt, you may not find against SAP America unless you also find that "the real reason" for that decision was retaliation for taking FMLA leave.[16]

Thus, if you believe that the reason for terminating Ms. Kelly's employment offered by SAP America is true, then you must find in favor of SAP America. If you find that Ms. Kelly proved that the reason SAP America has offered is untrue, then considering all of the circumstances, you may infer, although you are not required to do so, that Ms. Kelly's FMLA leave was a determinative factor in SAP America's decision.[17] Remember that Ms. Kelly has at all times the burden of proving that SAP America's decisions were motivated by intentional retaliation.

---

[16]    St. Mary's Honor Ctr. v. Hicks, 502 U.S. at 519 ("It is not enough . . . to disbelieve the employer; the factfinder must believe the Plaintiff's explanation of intentional discrimination."); Fuentes, 32 F.3d at 763 (factfinder's rejection of employer's proffered reason does not compel verdict for plaintiff; test is whether plaintiff ultimately persuades factfinder that employment decision was caused by bias).

[17]    Smith v. Borough of Wilkinsburg, 147 F.3d 272, 279 (3d Cir. 1998).



## **DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 15.**

I am now going to instruct you on issues involving Ms. Kelly's claim for damages. You must not assume from the fact that I am instructing you on the issue of damages that damages should be awarded or are appropriate. In particular, you should not conclude that Ms. Kelly is entitled to damages simply because I am instructing you on such issues.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 16.

### Back P

Ms. Kell  alleges that   AP America'  actions entitl  her to back pay or lost

ges.  If Ms  K     has carried her burden    proving any of her claims by  preponderance of

the   id(     the  bjecti    the law   to determine th  net earnings that Ms  Kelly      ld have

earned had th    been no violati     the     so that she   ill be  eft in no worse  but     better

position than she woul  ha  been in had the vi ati  not occurred.  T award Ms  Kelly more

than what sh  w  ha  earned    ld b to g  her  windfal to  hich she is not entitled.[18]

The     f:    erable dam ges for back  ay or ost   ges    the net

earni    M  K  'y woul  ha     ed had no vio ation occurred, less an  other compensation

she recei ed from  AP America.  T determine M  Kelly' "lost   ges  yo  must first

determ   th  am unt     ther ben fits M: Kell  ould hav  earned if: FMLA

had occurred  Onc  you     determ ned th   unt    ges and other benefits M

Kell   ld h  earned yo  m  then subtract th  amoun  w: ges and  ther benefits

recei ed by Ms  K  lly fr    AP America.

Anastasio v. Schering Corp..    F.2d     Cir  988



## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 17.

### Mitigation of Damages

A party who is discriminated or retaliated against has a legal duty to find other employment or otherwise to mitigate or minimize her own loss, and thus reduce the damages for which the other party is liable. This duty is known as the duty to mitigate damages. A plaintiff may not simply sit back during her unemployment and wait to collect damages from the defendant.

In this case, you should decide, based on the evidence presented, whether Ms. Kelly made reasonable efforts to find other employment. If you find by a preponderance of the evidence that Ms. Kelly has not tried to find other employment or has not used enough effort to find other employment, then you must not award her any amount of damages for lost wages.[19]

---

[19]   See Ford Motor Co. v. EEOC, 458 U.S. 219, 230 (1982) ("This duty [to mitigate damages], rooted in an ancient principle of law, requires the claimant to use reasonable diligence in finding other suitable employment.");Booker v. Taylor Milk Co., Inc., 64 F.3d 860, 864 (3d Cir. 1996) (holding under Title VII that since the plaintiff failed to mitigate his back pay damages, such damages shall be reduced by the amount the plaintiff could have reasonably earned in a comparable position during the relevant period).



## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 18.

### Ability to Work

As a general rule, a plaintiff will not be allowed back pay during any periods of disability. Therefore, if you find by a preponderance of the evidence that Ms. Kelly suffered from a disability which prevented her from working during any period of time, then you must not award her any damages for lost wages attributable to that time period.[20]

---

[20]    Starceski v. Westinghouse Elec. Corp., 54 F.3d 1089, 1101 (3d Cir. 1995) (citing Mason v. Association for Indep. Growth, 817 F. Supp. 550, 554 (E.D. Pa. 1993)).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 19.

### Front Pay

Ms. Kelly also claims that she is entitled to "front pay." As with back pay, you should not conclude from my instruction that Ms. Kelly is entitled to any front pay. As in calculating the appropriate amount of back pay, you must also consider whether Ms. Kelly has taken steps to mitigate her damages. If you find that Ms. Kelly has not used reasonable diligence to obtain substantially equivalent employment as that she claims she was denied in retaliation for taking FMLA designated leave, then you may not award any amount of front pay.[21]

If, however, you find that Ms. Kelly did use reasonable diligence to obtain substantially equivalent employment, and if you find that Ms. Kelly will sustain future damages as a result of SAP America's actions, you may award front pay. Front pay is separate and apart from back pay. The purpose of front pay is to restore a party to the economic position he or she would have occupied in the absence of the employer's unlawful conduct.[22] Such damages may not be used to punish an employer or provide a person with a windfall.[23] The proper method of computing these damages is as follows:

1. You should first determine the compensation, if any, which Ms. Kelly has proven that she would receive from the date of the trial forward if he were employed by SAP America as a Lead Financial Administrator. You should determine how far forward any future compensation should be awarded. In doing so, you should not attempt to give Ms. Kelly a windfall. These future damages should be awarded only for the period of time necessary for Ms. Kelly to

---

[21] See Conway v. Hercules Inc., 831 F. Supp. 354, 358 (D.Del. 1993) ("[P]laintiff has a duty to mitigate his damages [for front pay], for such a duty is well settled.").

[22] Maxfield v. Sinclair Int'l, 766 F.2d 788, 795-96 (3d Cir. 1985), cert. denied, 474 U.S. 1057 (1986).

[23] Anastasio v. Schering Corp., 838 F.2d 701, 708-09 (3d Cir. 1988).

establish her rightful place in the job market and to "get back on [her] feet."[24] You must also remember that front pay should not be speculative.[25] You should limit any front pay award to a reasonable period of time, based on the evidence before you.

2. Once you have determined how long into the future damages should be awarded, and what Ms. Kelly would have earned from SAP America during that period of time, you should then determine the compensation which Ms. Kelly can be expected to earn from other future employment or self-employment, premised upon good-faith attempts on Ms. Kelly's part to maximize her income. Ms. Kelly is not entitled to sit idly by and be compensated for doing nothing. Ms. Kelly has an affirmative duty to mitigate damages by seeking employment elsewhere.[26]

3. Next, subtract the compensation which Ms. Kelly can be expected to earn from other employers, or which you believe she could earn with reasonable diligence, from the compensation she would have received from SAP America, if she had not been terminated.

4. Finally, reduce the difference to its present value as of the date of the judgment based upon the instructions I will give to you on reduction to present value.

---

[24] Weiss v. Parker Hannifan Corp., 747 F. Supp. 1118, 1135 (D.N.J. 1990); see also Dominic v. Consolidated Edison Co., 822 F.2d 1249 (2d Cir. 1987) (when discharged employee does not have another job at the conclusion of the trial, or where the new job pays a lower salary, courts generally limit front pay awards to period of time to be determined reasonable for obtaining commensurate salary; front pay for two years deemed reasonable matter of time for Plaintiff to find employment comparable to his previous job).

[25] Conway v. Hercules Inc., 831 F. Supp. 354, 358 (D. Del. 1993) (plaintiff must prove his damages sufficiently to exclude "unreasonable speculation").

[26] Whittlesey v. Union Carbide Corp., 742 F.2d 724, 728 (2d Cir. 1984); see also Sellers v. Delgado College, 902 F.2d 1189, 1196 (5th Cir.) (front pay may be denied where the plaintiff's "failure to advance to the position she would have achieved but for the discrimination resulted from her failure to actively and consistently seek comparable permanent employment following her departure from [the defendant], her pursuit of temporary employment, and her resignation from substantial permanent employment."), cert. denied, 498 U.S. 987 (1990).

Your determination as to future compensation cannot be based on speculation. You may not award future damages that have not been proven by a preponderance of the evidence, that is, that have not been shown to be reasonably certain to occur.[27]

---

[27]    <u>Anastasio v. Schering Corp.</u>, 838 F.2d 701, 709 (3d Cir. 1988).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 20.

Your verdict must be unanimous on all points. Thus, on each of the specific questions submitted to you, you must agree unanimously on the answer. In deliberating on those questions, you should not be unduly swayed simply because you are in a minority of opinion, or because others do not agree with you. No one juror's vote is any more important than the vote of another juror. You may be persuaded by jurors, and you should keep an open mind, but you should not join in an answer to the questions that I give you unless you believe that the answer is correct based on the evidence that you have heard.



## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 21.

A verdict form has been prepared for your convenience.  It is self-explanatory. You will take that form with you to the jury room.

When you have reached unanimous agreement as to your verdict, you will have the foreperson fill in the date and sign the form that sets out the verdict upon which you unanimously agree.  You will then return with your verdict to the courtroom.

You are instructed that during your deliberations you are not to reveal anything about your deliberations to anyone, including the Court.